UNITED STATES DISTRICT COURT
NROTHERN DISTRICT OF TEXAS (Fort Worth)
CIVIL CASE NO. _____

RONALD COLE AS NEXT FRIEND                                                         PLAINTIFF
Of EDNA COLE

v.

ABBOTT LABORATORIES INC.
    **Serve**: CT CORPORATION SYSTEM
        1999 Bryan Street
        Suite 900
        Dallas, Texas 75201

ST. JUDE MEDICAL, LLC
    **Serve**: The Corporation Trust Company
    Corporation Trust Center,
    1209 Orange Street
    Wilmington, DE 19801

ST. JUDE LABORATORIES LLC
    **Serve**: Harvard Business Services
    16192 Coastal Highway
    Lewes, DE 19958                                                                    DEFENDANTS

## COMPLAINT

Comes the Plaintiff, Ronald Cole as the next fried of Edna Cole, through counsel, and for his Complaint against Defendants Abbott Laboratories Inc., St. Jude Medical, LLC, and St. Jude Laboratories LLC, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Ronald Cole as the next friend of Edna Cole, as well as Edna Cole while she was alive, ("Cole") were and are at all times relevant a citizen of the State of Texas and resident of Erath County.

2.    Upon information and belief, Defendant Abbott Laboratories LLC ("Abbott") is and was at all times relevant a Foreign Corporation conducting business in the State of Texas,

1

whose registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Upon information and belief, Defendant St. Jude Medical, LLC ("St. Jude Medical") is and was at all times relevant a limited liability company organized in the state of Delaware, whose registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. Upon information and belief, Defendant St. Jude Laboratories Inc. ("St. Jude Laboratories") is and was at all times relevant a limited liability company organized in the state of Delaware, whose registered agent is Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes DE 19958.

5. This Court has personal jurisdiction over the parties because Defendants have conducted business in Erath County, Texas and are subject to the laws of Texas, the injuries giving rise to this action occurred in Earth, Hood, and Tarrant County, Texas and the damages suffered by Plaintiff exceed the jurisdictional minimum of this Court.

## STATEMENT OF THE FACTS

6. In 2015, 2022, and 2023, St. Jude Medical issued a recall of numerous defibrillators as a result of defective batteries, which would quickly lose charge without providing adequate warning to the patient.

7. Despite the recall, St. Jude Medical continued to sell the recalled devices for amongst the corrected devices.

8. Upon information and belief, St. Jude Medical acknowledged that it continued to ship these recalled devices.

9. In October 2016, the FDA issued another Class 1 Recall of St. Jude Medical's defibrillators.

10. On January 5, 2017, Defendant Abbott acquired St. Jude Medical.

11. On March 15, 2021, unbeknownst to Mrs. Cole, Abbott issued another international Class I recall of these devices due to premature battery depletion.

12. On or around 2021, Mrs. Cole had an Abbott Automatic Implantable Cardioverter Defibrillator (AICD) implanted into her chest to monitor and correct her abnormal heart rhythm (the "Device").

13. Shortly thereafter, in or about March of 2023, despite having the AICD, Mrs. Cole began experiencing serious shortness of breath and sudden unexplained loss of consciousness. After experiencing approximately two falls due to loss of consciousness, Defendant Abbott Labs sent a technician to evaluate Mrs. Cole's AICD. Mrs. Cole had previously utilized an AICD device without any such symptoms.

14. In or about May of 2023, Ronald Cole and his wife Rene, brought Mrs. Cole to live with them in their home in Bluff Dale, Texas to monitor her condition. Within several days of moving in with them she lost consciousness while getting up from the breakfast table and busted her head open. Ronald Cole took her to the Lake Granbury Hospital where the attending physician put staples in her head to close the wound. Following this incident, she was constantly short of breath and slept a lot.

15. Then on a Monday afternoon, a few days later, she woke up from a nap and was speaking incoherently. The Cole family again rushed to the emergency room in Stephenville. Following a CT scan of Mrs. Cole's head, it was discovered that she had a massive brain bleed. She was immediately transported by helicopter to Harris Hospital in Fort Worth.

16. As she was arriving at Harris Hospital, Ronald Cole received a call from her cardiologist to tell him that he knows why she is losing consciousness. The cardiologist went on to explain that after monitoring the real time performance of the Device, through monitoring device attached to Mrs. Cole, it was determined that it suddenly and without warning would lose power. This in turn

would cause Mrs. Cole to suddenly and without warning lose consciousness.

17. Approximately one week after being flown by helicopter to the hospital, Mrs. Cole succumbed to her injuries and passed away on June 8, 2023.

18. After Mrs. Cole's passing, her family discovered there had been history of sudden power loss related problems with the Device.

19. As a direct and proximate result of the Recall on Defendants' Device, Mrs. Cole suffered a sudden loss of consciousness leading to injuries that resulted in her death - all of which are a direct result of Defendants' liability producing conduct.

## CAUSES OF ACTION

### COUNT 1
### STRICT LIABILITY – MANUFACTURING DEFECT

20. Mr. Cole incorporates the foregoing paragraphs as if fully set forth herein.

21. At all times herein mentioned, Defendants designed, manufactured, tested, marketed, sold, and distributed into the stream of commerce the aforementioned Device.

22. In 2016, 2021, and 2023, Defendants recalled the Device because exposed aluminum wires were preventing defibrillation therapy from battery failure, causing serious injuries and death.

23. Defendants' quality control should have, but failed to, discover that the Device was malfunctioning, causing serious injuries or death to individuals.

24. At all times herein mentioned, the Device was defective in that it contained exposed aluminum wires, causing the batteries inside of the Device to improperly function.

25. The Devices were unsafe, defective, and unreasonably dangerous before they left Defendants' possession, and were in the same condition when placed into the stream of commerce by Defendants.

26. Defendants knew or should have known, based on industry and scientific knowledge available at the time of its manufacture and distribution, that the Device was defective, unsafe, and reasonably dangerous to consumers, including Mrs. Cole.

27. At all times herein mentioned, ordinary consumers, including Mrs. Cole who were using the Device, could not and would not have recognized the potential defects, risks, and dangers of the malfunctioning device.

28. At all times herein mentioned, the Devices were distributed to consumers in a manner which was reasonably foreseeable to Defendants.

29. As a direct and proximate result of Mrs. Cole's use of the Device as manufactured, designed, sold, supplied, and distributed into the stream of commerce by Defendants, Mrs. Cole would lose consciousness which resulted in injuries leading to her death.

## COUNT II
## STRICT PRODUCTS LIABILITY – DESIGN

30. Mr. Cole incorporates the foregoing paragraphs as if fully set forth herein.

31. At all times relevant to this action, Defendants were engaged in the business of designing, manufacturing, testing, marketing, distributing, and/or selling the Device to members of the public.

32. Defendants manufactured, distributed, and/or sold the Device which was used by Mrs. Cole.

33. The Device manufactured by the Defendants reached Mrs. Cole without substantial change in its condition when it was given to Mrs. Cole.

34. The Device was defective and unreasonably dangerous when it entered the stream of commerce and when used by Mrs. Cole.

35. Defendants owe a duty to the public, specifically to Mrs. Cole, to exercise

reasonable care in the design, study, development, manufacture, promotion, sale, marketing, and distribution of the Device. Defendants failed to exercise reasonable care in the design of the Device, as designed, the Device was capable of causing serious personal injuries and/or death such as those suffered by Mrs. Cole during the foreseeable use of the Device.

36. The Device used by Mrs. Cole was defective at the time it was distributed by Defendants or left their control.

37. Mrs. Cole was a person who would reasonably be expected to use the Device.

38. Defendants' failure to exercise reasonable care in the design, marketing, selling, distributing, and manufacturing of the Device was a direct and proximate cause of Mrs. Cole's death and damages.

39. As a direct and proximate result of the actions and inactions of Defendants as set forth herein, Mrs. Cole lost her life.

## COUNT III
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

40. Mr. Cole incorporates the foregoing paragraphs as if fully set forth herein.

41. Defendants owed a duty of reasonable care to adequately warn of the risks associated with the use of the Device to foreseeable users, including Mrs. Cole.

42. Defendants knew or reasonably should have known that the warnings provided to users of the Device regarding the risks associated with its use were incorrect or inadequate in at least the following material respects:

    a. The Device was unaccompanied by proper warnings regarding all possible risks associated with its use and the comparative severity, incidence, and duration of adverse effects;

    b. Defendants failed to include adequate warnings that would alert Mrs. Cole to the

      dangerous risks of the Device, including, among other things, potential to over-shock and/or loss of power;

    c. Defendants failed to immediately warn patients after they learned that its product was causing serious injuries and death; and

    d. Otherwise failed to provide adequate warnings.

43. By failing to warn Mrs. Cole of the adverse health risks associated with the Device, Defendants breached its duty to Mrs. Cole of reasonable care and safety.

44. Defendants, as manufacturers and distributors of medical devices, are held to the level of knowledge of an expert in the field; and further, Defendants knew, or should have known, that the warnings they distributed regarding the risks of defective batteries in the Device and associated injuries and complications following the use of the Device, were inadequate.

45. Mrs. Cole did not have the same expert knowledge as Defendants, and no adequate warning of other clinically relevant information and data was communicated to Mrs. Cole.

46. Defendants have a continued duty to provide consumers, including Mrs. Cole, with warnings and other clinically relevant information and data regarding the risks and dangers associated with the Device, as it came or could have become available to Defendants.

47. Defendants marketed, promoted, distributed, and sold unreasonably dangerous and defective Devices to health care providers without adequate warnings and other clinically relevant information and data. Through omission and affirmative misstatements, Defendants mislead the medical community about the risk and benefit balance of the Devices, which resulted in Mrs. Cole's death.

48. Defendants knew or should have known that consumers, including Mrs. Cole specifically, would foreseeably and needlessly suffer injury as a result of its failures.

49. Defendants had an obligation to provide Mrs. Cole with adequate clinically relevant

information, data and warnings regarding the adverse health risks associated with the Device.

50. By failing to provide Mrs. Cole with adequate and clinically relevant information, data, and warnings regarding the adverse health risks associated with the Device, Defendants breached its duty of reasonable care and safety.

51. Defendants' actions described above were performed willfully, and with reckless disregard for the life and safety of Mrs. Cole and the general public. Defendants' failure to provide adequate warnings was a proximate cause of Mrs. Cole's death.

52. As a direct and proximate result of the actions and inactions of Defendants as set forth herein, Mrs. Cole lost her life and suffered damages set forth herein above.

## COUNT IV
## BREACH OF IMPLIED WARRANTY

53. Mr. Cole incorporates the foregoing paragraphs as if fully set forth herein.

54. Defendants are in the business of designing, manufacturing, supplying, selling, and placing into the stream of commerce certain goods, including the recalled devices.

55. By placing the Devices into the stream of commerce, Defendants impliedly warranted that it was merchantable and fit and safe for its intended use.

56. The Devices placed into the stream of commerce by Defendants and given to Mrs. Cole were defective, causing those persons who used the Device, including Mrs. Cole, to suffer severe heart complications and accordingly, were not fit, safe, or merchantable for its intended use.

57. The defective battery in the Device manufactured, supplied, and placed into the stream of commerce by Defendants was present at the time the Devices left Defendants' control and at the time was given to Mrs. Cole for use.

58. Defendants breached the implied warranty for the Device because it was contaminated, unmerchantable, and not fit for its intended purpose, resulting in personal injuries

and death suffered by Mrs. Cole, including worsened heart complications, pain, twitching, and emotional distress.

59. Mrs. Cole was a foreseeable user of the Device that was designed, manufactured, and placed into the stream of commerce by Defendants.

60. By the foregoing reasons, Defendants are liable to Mrs. Cole for her injuries, death, harm, damages, and economic and non-economic losses in an amount to be determined at trial.

## COUNT V
## BREACH OF EXPRESS WARRANTY

61. Mr. Cole incorporates the foregoing paragraphs as if fully set forth herein.

62. At all times mentioned, Defendants expressly represented and warranted to Mrs. Cole through statements made by Defendants and its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials intended for physicians, medical patients, and the public, that the Devices are safe, effective, fit, and proper for its intended use. Mrs. Cole utilized the Device relying upon these warranties.

63. In utilizing the Device, Mrs. Cole relied on the skill, judgment, representation, and foregoing express warranties of Defendants. These warranties and representations were false in that the Device is unsafe and unfit for its intended uses.

64. As a result of the abovementioned breach of express warranties by Defendants, Mrs. Cole suffered injuries, loss of life, and damages as alleged herein.

## COUNT VI
## NEGLIGENCE

65. Mr. Cole incorporates the foregoing paragraphs as if fully set forth herein.

66. Defendants owed a duty to Mrs. Cole to exercise reasonable care in designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality, assurance,

quality control, and distribution of the Device into the stream of commerce, including a duty to assure that it would not cause those who used it, including Mrs. Cole, to suffer adverse harmful effects.

67. Defendants failed to exercise reasonable care in the designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality assurance, quality control and distribution of the Device.

68. Defendants knew or should have known that those individuals who used the defective Device were at risk for suffering harmful effects from it, including but not limited to worsened heart conditions, as well as other severe injuries which are permanent and lasting in nature, physical pain, mental anguish, diminished enjoyment of life, and death.

69. Defendants were negligent in designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing, and sale of the Device. The negligence of the Defendants, their agents, servants, and employees, included but was not limited to the following acts and/or omissions:

  a. Designing, manufacturing, producing, creating, and/or promoting the Device without adequately, sufficiently, or thoroughly testing the units to ensure they were free from harmful defects, including defective batteries;

  b. Not conducting a sufficient quality control testing program to determine whether or not the subject Device was manufactured properly and was free from defects, making it unsafe for users of the product;

  c. Negligently failing to timely recall their dangerous and defective Devices at the earliest date that it became known that certain Devices were, in fact, dangerous and defective;

  d. Negligently manufacturing the Devices in a manner that was dangerous to

        those individuals who used the Devices;

e.     Negligently producing the Devices in a manner that was dangerous to those individuals who had it transplanted into their bodies;

f.     Failing to warn individuals who were using the product of the risks; and

g.     Were otherwise careless and negligent.

## COUNT VII
## PUNITIVE DAMAGES

70.     Mr. Cole incorporates the foregoing paragraphs as if fully set forth herein.

71.     As a result of their gross negligence and other wrongful conduct, which includes but is not limited to the acts and omissions alleged herein, all of which constitutes gross negligence and a wanton and reckless disregard for the safety of the users of the Device, the Defendants are liable to the Plaintiff for punitive damages.

72.     The Defendants' acts and failure to act in connection with the research, design, development, testing, marketing, selling, and distributing of the Device were in such total disregard for the health and lives of the users, including Mrs. Cole; that an award of punitive damages is warranted in order to ensure that the Defendants do not engage in such actions in the future.

73.     By suppressing the knowledge of the safety and health risks associated with the Device from the general public, and specifically from the Plaintiff, Mrs. Cole, the Defendants made a conscious decision to risk the life of Mrs. Cole to further their own financial gain.

74.     Such conduct by Defendants constitutes gross negligence and reckless indifference, entitling Plaintiff to punitive damages.

        WHEREFORE, Ronald Cole as the next friend of Edna Cole prays for relief against Defendants as follows:

        a. Compensatory damages in an amount reasonably necessary to fully compensate Mr. Cole for all past, present, and future pain and suffering, in an amount in excess

of the jurisdictional minimum of this Court;

b. Special damages in an amount to fully compensate Mrs. Cole for all her injuries, death, and damages, both past and present, in an amount exceeding the jurisdictional minimum of this Court;

c. Compensatory and special damages in an amount to fully compensate Mrs. Cole for her medical expenses, both past and present, in an amount exceeding the jurisdictional minimum of this Court;

d. Attorneys' fees, expenses, and costs of this action;

e. A trial by jury on all issues so triable;

f. Pre-judgment and post-judgment interest in the maximum amount allowed; and

g. Any and all further reasonable relief to which Mr. Cole may appear entitled.

Respectfully submitted,

By: /s/ Rustin Brunson
Rustin D. Brunson
State Bar No. 24078275

BRUNSON LAW, PLLC
550 N. Walnut Creek Dr.
Suite 110
Telephone: 817.945.6600
Facsimile: 817.665.2965
Email: rustin@brunsonlaw.com

Attorneys for Plaintiff